**BFI WASTE SYSTEMS OF NORTH AMERICA, INC. and Browning–Ferris Industries, Inc., Petitioners,**

v.

**NORTH ALAMO WATER SUPPLY CORPORATION, Jimmy Steidinger, Engelman Irrigation District and Hidalgo County Drainage District No. 1, Respondents.**

No. 06–0602.

Supreme Court of Texas.

Oct. 12, 2007.

Rehearing Denied Jan. 11, 2008.

Joy M. Soloway, William J. Boyce, Fulbright & Jarworski, Houston, Karen L. Watkins, Mary B. Reagan, McGinnis Lochridge & Kilgore, L.L.P., Austin, John David Franz, Law Office of John David Franz, McAllen, Thomas Christian Van Arsdel, Winstead, PC, Houston, David G. Oliveiria & Fisher, Brownsville, John D. White, Jones Walker Waechter Poitevent Carrere & Denegre, The Woodlands, TX, for Petitioners.

J.W. Dyer, Sharon Almaguer, J.W. Dyer & Associates, McAllen, Andrew S. Miller, John Charles Padalino, Kemp Smith, P.C., Austin, Ken Slavin, Kemp Smith, LLP, El Paso, Robert L. Galligan, Lance Alan Kirby, Jones Galligan Key & Lozano, Weslaco, Jesus Ramirez, Marcus Montalvo, Jose R. Guerrero, Bradley W. Shields, Monalvo & Ramirez, McAllen, TX, for Respondents.

PER CURIAM.

Petitioners BFI Waste Systems of North America, Inc. and Browning–Ferris Industries, Inc. operate a landfill in Hidalgo County that requires a discharge permit from the Hidalgo County Drainage District No. 1, one of the respondents. Petitioners obtained the permit in 1993 as part of a settlement among petitioners, the Drainage District, and the other three respondents, North Alamo Water Supply Corp., Jimmy Steidinger, and Engelman Irrigation District. The settlement agreement imposed certain restrictions on the operation of the landfill.

In 2002, petitioners obtained permission from the Texas Commission on Environmental Quality to expand the landfill vertically. Respondents brought this action against petitioners, alleging that the expansion breached the settlement agreement. Based on a verdict favorable to respondents, the trial court issued an injunction against petitioners and awarded respondents attorney fees. The court of appeals reversed the injunction but awarded North Alamo damages as found by the jury. 2006 WL 949949 (Tex. App.–Corpus Christi). Petitioners and respondents have all petitioned this Court for review.

Footnote 6 of the court of appeals' opinion comments on the effect of petitioners' breach on the discharge permit:

At trial, North Alamo was the only party that presented evidence of damages. We note, however, that because the Settlement Agreement provided for the issuance of a drainage permit by the Hidalgo County Drainage District No. 1 in consideration of BFI's compliance with Permit 1948 and certain enumerated provisions, and the jury found that BFI materially breached that agreement, the Drainage District is excused from its obligation to perform under the Settlement Agreement. *Mustang Pipeline Co. v. Driver Pipeline Co.,* 134 S.W.3d 195, 196, 47 Tex. Sup.Ct. J. 461 (Tex.2004) ("It is a fundamental principle of contract law that when one party

to a contract commits a material breach of that contract, the other party is discharged or excused from further performance.").

All parties agree that the validity of the discharge permit was not raised in the trial court or the court of appeals. Petitioners argue that footnote 6 should not prejudice any future litigation over the discharge permit. We agree. Footnote 6 was outside the issues before the court of appeals and thus cannot determine the validity of the permit.

The petitions for review are denied.